ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This attorney disciplinary proceeding arises from a petition for consent discipline filed by respondent, Alton Bates, prior to the institution of formal charges. Respondent proposes a two year suspension with one year deferred, followed by a two year period of probation with conditions. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
According to the joint stipulation of facts presented by respondent and the ODC, respondent was admitted to the practice of law in Louisiana in 1987. On September 15, 1995, this court placed respondent on interim suspension after he pleaded guilty to fourth offense DWI.[1] This court subsequently granted a joint petition for consent discipline filed by respondent and the ODC and imposed a two year suspension with all but six months deferred, retroactive to the date of the interim suspension, followed by a two period of supervised probation with conditions.[2] Respondent asserts the current disciplinary matter does not arise out of his substance abuse problems.
In March 1997, Stevenson Bennett retained respondent to pursue a federal civil rights suit arising out of Bennett’s alleged wrongful arrest and detention by the Iber-ville Parish Sheriffs Office. Respondent agreed to file the suit, although he had little or no experience with federal litigation in general, or civil rights suits in particular. Respondent performed no in *616 dependent investigation of the facts of Bennett’s claim and performed only limited legal research. In October |?1997, respondent wrote to Bennett at his home in Michigan and requested $1,000 to be used as an advance towards the costs of litigation. The following month, Bennett sent respondent a $200 check, which was sufficient to cover the filing fee for lodging a civil suit in federal district court, but nevertheless, respondent did not file suit. Bennett’s subsequent efforts to communicate with respondent were unsuccessful. Bennett sent the remainder of the requested advance on March 9, 1998, by which time his cause of action had prescribed. Respondent deposited both the $200 and $800 payments into his operating account (he maintained no separate client trust account) and ultimately spent the funds on matters other than the Bennett litigation.
Within several weeks, respondent acknowledged to Bennett that he had not timely filed suit and that the cause of action had prescribed. In an effort to compensate for his misconduct, respondent agreed to assist Bennett in obtaining a divorce. However, respondent also failed to pursue the domestic litigation, and Bennett filed a disciplinary complaint against respondent on September 8,1998.
Upon investigation, the ODC determined that respondent possesses “a woefully inadequate understanding of and appreciation for the Rules of Professional Conduct,” particularly the rules governing trust accounts and the duties of diligence and communication owed to clients. The ODC found respondent to be remorseful and fully cooperative, and, pursuant to the ODC’s instructions, respondent refunded the $1,000 Bennett had advanced for costs.
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline. Respondent proposed that he be suspended from the practice of law for a period of two years, with one year deferred, followed by a two year period of probation with the following conditions:
A. Respondent’s practice during the period of probation shall be limited to criminal and civil matters.
B. Respondent shall not undertake representation in the areas of civil rights, and shall refrain from all federal court litigation, whether civil or criminal, unless Respondent engages the services of co-counsel to assist him. Co-counsel shall be an attorney in good standing with the LSBA and in the federal courts where the subject litigation is pending or to be filed.
C. Respondent shall establish and maintain an effective calendaring system and shall obtain the assistance of the LSBA Loss Prevention Counsel in the creation of a proper law office management program.
|qD. Respondent shall maintain separate law office operating and trust accounts. Additionally, he shall provide the ODC with proof of existence of such accounts immediately upon their creation, and irrevocably consent to the periodic audits, at Respondent’s expense, of all law office operating and trust accounts by the ODC.
E. Respondent shall submit to random review and audit of all case files within his law office by a practice monitor appointed by the LADB. The practice monitor shall submit quarterly reports to the ODC as to Respondent’s compliance with all terms and conditions of probation.
F. Respondent shall continue to participate in an approved Lawyer’s Assistance Program Contract and shall fully comply with all terms and conditions as may be routinely imposed by its executive director.
G. Respondent shall, during the twelve (12) month period of suspension, enroll in and attend one full day of Ethics School administered by the LSBA’s Practice Assistance and Improvement Committee.
*617 H. During the period of actual suspension, Respondent shall not engage in the unauthorized practice of law, and shall not violate the Rules of Professional Conduct or the criminal laws of the State of Louisiana.
I. Respondent shall maintain current in the law during his period of actual suspension by satisfying all annual MCLE requirements of the LSBA in a timely fashion, pay all LSBA bar dues, and pay all LADB disciplinary assessments imposed by the Louisiana Supreme Court.
J. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of suspension deferred.
The ODC filed its concurrence. A panel of the board reviewed this matter on May 27, 1999.[3] Respondent, his counsel, and the ODC appeared for oral argument.

Disciplinary Board Recommendation

The disciplinary board stated respondent has admitted that he engaged in knowing and negligent misconduct that ultimately caused injury to the client. The board found that respondent breached duties owed to the client, the legal system, and the profession.
Accordingly, the board recommended respondent be suspended from the practice of law for two years, with one year deferred, followed by a two year period of probation subject to the [¿conditions proposed in the petition for consent discipline. The board further recommended that respondent be assessed with all costs and expenses of these or any prior disciplinary proceedings to which he has been a party, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has admitted that he engaged in knowing and negligent misconduct that ultimately caused injury to his client. Considering all the circumstances, we conclude the proposed consent discipline is appropriate.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that Alton Bates be suspended from the practice of law for a period of two years, with one year deferred, followed by a two year period of probation subject to the specific terms and conditions set forth in the joint petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality'of this court’s judgment until paid.
LEMMON and TRAYLOR, JJ., dissent from the order.

 Knoll, J. not on panel. Rule IV, Part II, § 3.

. See In re: Bates, 95-1930 (La.9/15/95), 659 So.2d 736.

. See In re: Bates, 96-1345 (La.7/1/96), 677 So.2d 115.

. The panel initially noted that the petition for consent discipline was deficient because it did not set forth any of the facts of respondent’s misconduct. The panel therefore ordered that a joint stipulation of facts be filed into the record prior to the issuance of its recommendation.